CHRISTINE T. YOUNG v. DWIGHT M. LOWIE, JR., BY HIS NEXT FRIEND, JOHN L. WHITLEY; DWIGHT M. LOWIE AND LYDIA B. LOWIE.

(Filed 13 October, 1965.)

APPEAL by defendants from *Hubbard, J.,* June 1965 Civil Session of WILSON.

Civil action by plaintiff, Christine T. Young, who was riding as a passenger in an automobile driven by her husband, Albert G. Young, to recover damages for personal injuries allegedly proximately caused by the negligence of defendant Dwight M. Lowie, Jr., minor son of defendants, Dwight M. Lowie and his wife, Lydia B. Lowie, and a resident in the home, in the operation with their permission of an auto-

mobile jointly owned and maintained by Dwight M. Lowie and his wife, Lydia B. Lowie, for the use and convenience of members of their family as a family purpose car. Five specific allegations of negligence by Dwight M. Lowie, Jr., in the operation of the automobile which collided with the automobile in which plaintiff was a passenger proximately causing her injuries are averred.

Plaintiff's husband, Albert G. Young, instituted a civil action against all three defendants to recover damages for personal injuries growing out of the same collision, and his complaint is identical with the complaint filed by his wife, Christine T. Young, in her action, except as to allegations of personal injuries.

Defendants filed a joint answer in the Christine T. Young case in which they admit that the Lowie car was a family purpose car, but aver that Dwight M. Lowie was sole owner, and deny that Dwight M. Lowie, Jr., was negligent in its operation. Defendants filed a somewhat similar answer in the Albert G. Young case.

The case of plaintiff Christine T. Young against defendants and the case of Albert G. Young against defendants were consolidated for trial. All parties offered evidence. The following issues were submitted to the jury, and answered as indicated:

"1. Were the plaintiffs, Christine T. Young and Albert G. Young, injured and damaged by the negligence of Dwight Lowie, Jr., as alleged in the complaints?

"ANSWER: Yes.

"2. On July 20, 1962 was the 1961 Ford driven by Dwight Lowie, Jr., jointly owned, maintained or controlled by Mr. and Mrs. Lowie?

"ANSWER: Yes.

"3. If it was not jointly owned, maintained or controlled by Mr. and Mrs. Lowie, was the 1961 Ford driven by Dwight Lowie, Jr., owned, maintained or controlled by his father, Mr. Lowie, Sr.?

"ANSWER: ................

"4. Was Dwight Lowie, Jr., operating the Ford automobile with the permission of the owner or owners thereof?

"ANSWER: Yes.

"5. What amount, if any, is the plaintiff, Christine T. Young, entitled to recover?

"ANSWER: $15,000.

"6. What amount, if any, is the plaintiff, Albert G. Young, entitled to recover?

"ANSWER: $750.00."

Judgment was entered in accordance with the verdict that plaintiff Christine T. Young recover jointly and severally from the defendants the sum of $15,000 and her costs, including expert witness fees, and that her husband Albert G. Young recover from the defendants jointly and severally the sum of $750 and his costs. Defendants appealed in the Christine T. Young case only. They did not appeal in her husband A. G. Young's case.

*Lucas, Rand, Rose & Morris and Louis B. Meyer for defendant appellants.*
*Narron, Holdford & Holdford by William H. Holdford for plaintiff appellee.*

PER CURIAM. Defendants have 31 assignments of error, but they have only brought forward and discussed in their brief assignments of error as to the admission of evidence over their objections and exceptions, and as to the charge. Assignments of error not set out in appellant's brief and in respect to which no reason or argument is stated or authority cited will be deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 810; 1 Strong's N. C. Index, Appeal and Error, § 38.

Plaintiff's evidence was fully sufficient to carry her case to the jury: defendants do not contend otherwise in their brief. While appellants' well-prepared brief presents contentions involving fine distinctions and differentiations, a careful examination of all their assignments of error brought forward and discussed in their brief discloses no new question or feature requiring extended discussion in the light of the very large number of cases written by this Court in automobile collision cases resulting in damage suits. Neither reversible nor prejudicial error has been made to appear. The jury, under application of settled principles of law, resolved the issues of fact against the defendants. All defendants' assignments of error are overruled. The verdict and judgment below will be upheld.

No error.

LAKE, J., took no part in the consideration or decision of this case.